IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CLAUDIA CORREA**                                                    **PLAINTIFF**

vs.                                            No. 5:22-cv-476

**HORTON CAPITAL PROPERTIES, LLC,**                        **DEFENDANTS**
**and TRENT HORTON**

## ORIGINAL COMPLAINT

Plaintiff Claudia Correa ("Plaintiff"), by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, for her Original Complaint against Horton Capital Properties, LLC, and Trent Horton (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I.   JURISDICTION AND VENUE

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff proper minimum wage and overtime compensation for all hours that Plaintiff worked.

2.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Defendant conducts business within the State of Texas.

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5.      The acts or omissions complained of herein occurred and had their principal effect within the San Antonio Division of the Western District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.      THE PARTIES

6.      Plaintiff is an individual and resident of Medina County.

7.      Separate Defendant Horton Capital Properties, LLC ("HCP"), is a domestic, for-profit corporation.

8.      HCP's registered agent for service of process is Glen A. Bellinger, at 12221 Merit Drive, Suite 1750, Dallas, Texas 75251.

9.      Separate Defendant Trent Horton ("Trent") is an individual and resident of Texas.

10.     Defendants do business as Kindred Homes and were formerly known as Endeavor Wall Homes.

11.     Defendants maintain a website at https://www.kindredhomes.com/.

## III.      FACTUAL ALLEGATIONS

12.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13.     Trent is a principal, director, officer, and/or owner HCP.

14.     Trent took an active role in operating HCP and in the management thereof.

15.     Trent, in his role as an operating employer of HCP, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's work, including the day-to-day job duties that Plaintiff's job entailed, and made decisions regarding Plaintiff's pay, or lack thereof.

16.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

17.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

18.     At all times material herein, Defendants were "employers" of Plaintiff within the meaning of the FLSA.

19.     Defendant employed Plaintiff's husband, Ruben, as a New Home Sales Consultant from 2013 until July of 2021.

20.     In or around 2015, Ruben asked Defendant for permission for Plaintiff to work with him in carrying out his duties. Defendant agreed that Plaintiff could assist Ruben in his duties for Defendant.

21.     Plaintiff performed administrative work and communicated with Defendant's customers regarding the status of sales, including responding to customer questions about price, decorating and customizations.

22.     Plaintiff became so experienced that other New Home Sales Consultants often requested that Plaintiff assist and train them.

23.     Plaintiff was required to follow the same rules and policies as Defendant applied to other New Home Sales Consultants.

24.     In or around July of 2021, Defendant effectively fired Plaintiff and told her that she was no longer allowed in the company's model homes.

25.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

26.     At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27.     Defendant did not pay Plaintiff for any of the work she performed.

28.     At relevant times herein, Defendant has deprived Plaintiff of proper minimum wage for all hours worked and overtime compensation for all of the hours worked over forty per week.

29.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.     CLAIM FOR RELIEF—VIOLATION OF THE FLSA

30.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

31.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

32.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

33.     Defendant failed to pay Plaintiff a proper overtime rate for all hours worked in excess of forty per week.

34.     Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

35.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

36.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

37.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Claudia Correa respectfully prays as follows:

A.     That each Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate

the FLSA and the attendant regulations;

D.      Judgment for damages for all unpaid wages owed to Plaintiff from a period

of three years prior to this lawsuit through the date of trial under the FLSA and the

attendant regulations;

E.      Judgment for liquidated damages pursuant to the FLSA and the attendant

regulations;

F.      An order directing Defendant to pay Plaintiff interest, reasonable attorney's

fees and all costs connected with this action; and

G.      Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF CLAUDIA CORREA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Center Pkwy, Ste 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com